UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-20155-CV-COOKE/TURNOFF

UNITED STATES OF AMERICA, *ex rel*
TARONDA WADE, Relator,

    Plaintiff,

vs.

DBS INVESTMENTS, LLC., et al.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Relator Taronda Wade's Motion for Attorney's Fees and Litigation Expenses **[DE63]**, and an Order of Referral entered by the Honorable Marcia G. Cooke. **[DE64]**. Upon review of the Motion **[DE63]**, the court file, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### Background

This *qui tam* action was filed on January 15, 2011 by the United States of America ("Government") and the Relator, Taronda Wade ("Relator") against DBS Investments, LLC ("DBS"), and John P. Joseph, pursuant to the False Claims Act, 31 U.S.C. § 3729. **[DE1]**. The allegations in the Complaint pertain to the Government funded "Section 8" housing voucher program. The program was established by Congress in 1990 in order to assist lower income families in obtaining decent and affordable rental housing. See 42 U.S.C. § 1437(f). During all relevant times, the Relator was a tenant at Defendants' premises located at 2344 N.W. 152 Terrace in Opa Locka, Florida. **[DE1]**. The Relator participated in the program and paid a percentage of the rent fees, while the Miami Dade Public Housing Authority ("MDPHA") paid the rest. Id. From the

commencement of her tenancy, the MDPHA paid its portion of the housing assistance payments directly to Defendants. According to the Relator, during the months of June - December 2009, Defendants demanded that she pay an additional $200 per month over and above what had been previously stipulated to by the U.S. Department of Housing and Urban Development ("HUD") and the MDPHA. **[DE18]**.

During this time, the Relator paid her portion of the rent, as approved by the MDPHA, as well as the additional amount demanded by Defendants. In January 2010, however, she refused to continue paying the additional monies. As a result, Defendants threatened to evict her and her family. Id. In April 2010, the MDPHA reduced the Relator' rent contribution to zero dollars and increased its own portion to $1,361. Id.

The instant action was filed in order to, among other things, recover the unlawful overpayments collected by Defendants.

Judge Cooke entered summary judgment against Defendants on August 29, 2012. **[DE61]**. In so doing, she awarded the Government $ 35,194 ( penalties against Defendants) under the False Claims Act. Id. In addition, the Relator was awarded $4,398, representing the excessive rent payments charged by Defendants. Id. The Court reserved jurisdiction in order to determine an award of attorney's fees and costs. **[DE62]**. The Relator and the Government now seek to recover fees and expenses/costs totaling $10,622.35.

## Analysis

The instant Motion was filed on October 29, 2012. **[DE63]**. Responses to the Motion were due on November 16, 2012. No response was filed. On November 29, 2012, this Court entered an Order requiring a response by Defendants within ten (10) days. **[DE65]**. No response was ever filed.

Pursuant to the Local Rules, the Court may grant the Motion by default. However, in the interest of making a complete record, the undersigned will briefly address the merits of the Motion.

The fee request herein is made pursuant to 31 U.S.C. § 3730(d)(1), which allows for the recovery of attorney's fees by the prevailing party. Here, as noted above, Judge Cooke entered summary judgment against Defendants. **[DE61]**. Hence, there is no question that the Government and the Relator are the prevailing parties. Having determined that attorney's fees and costs are recoverable, the undersigned shall address the issue of amount.

*Attorney's Fees*

Generally, the standard for determining attorney's fees in the Eleventh Circuit is the lodestar method, which requires this Court to multiply the reasonable hours expended by counsel by the reasonable hourly rates charged. Norman v. Housing Auth. of Montgomery, 836 F. 2d 1292, 1299 (11th Cir. 1988). Throughout this litigation, counsel for the Relator worked through Legal Services of Greater Miami. Id. Upon review of the hourly rates submitted and the background of both attorneys, Sean Rowley ($300) and Maria Sciolto ($250), the undersigned finds that they are reasonable.

The next step is to determine the reasonable amount of hours expended. Norman, 836 F.2d at 1301. In making this determination, the Court should exclude "excessive, redundant or otherwise unnecessary" hours from the amount requested. Here, the amount requested represents $10,470 in attorneys fees [27.9 hours for Rowley and 8.4 hours for Sciolto]. These figures include a reduction of the number of actual hours billed. **[DE63]**.

In determining attorney's fees, the Court itself is an expert on the question of reasonable hours. Id. at 1303. Upon careful review of the Motion, the memoranda, and the detailed affidavits, the undersigned finds that same reflect sound billing judgment. Here, it is clear that counsel worked

diligently and thoroughly. The Court finds no evidence of duplication or excessive billing.

*Expenses/Costs*

The Government/Relator have also submitted a request for reimbursement of $152.35 in expenses/ costs. **[DE63]**. That amount represents $100 mediation fees and $52.35 for copying records. Upon review the undersigned finds that both are recoverable to the prevailing party under 32 U.S.C. § 3730(d)(1).

## Recommendation

Consistent with the above and foregoing, it is **RESPECTFULLY RECOMMENDED** that the Motion **[DE63]** be **GRANTED** and that the Government/Relator be awarded $10,470 in attorney's fees and $152.35 in costs.

Pursuant to 28 U.S.C. §636(b)(1)( c), the parties may file written objections to this Report and Recommendation with the Honorable Marcia G. Cooke, United States District Judge, within fourteen (14) days of receipt. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149, reh'g denied, 7 F.3d 242 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 10 day of January 2013.

WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Marcia G. Cooke
      Counsel of Record